IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                    No. CR 20-0075 JB

RIGO TREJO-CAMACHO,

      Defendant.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on: (i) the Presentence Investigation Report, filed March 23, 2020 (Doc. 31)("PSR"); (ii) the Defendant's Sentencing Memorandum, filed April 27, 2020 (Doc. 35)("Sentencing Memorandum"); (iii) the Defendant's Objections to the Presentence Investigation Report, filed April 28, 2020 (Doc. 36)("Objections"); (iv) the Addendum to Presentence Investigation Report, filed April 28, 2020 (Doc. 27)("First Addendum"); (v) the United States' Response to Defendant's Sealed Sentencing Memorandum, filed May 1, 2020 (Doc. 38)("Sentencing Memorandum Response"); (vi) the Second Addendum to Presentencing Investigation Report, filed May 4, 2020 (Doc. 39)("Second Addendum"); and (vii) the Response to Defendant's Objections to the Presentence Investigation Report, filed May 5, 2020 (Doc. 40)("Objections Response"). The primary issue is whether, because the Supreme Court of New Mexico concluded in State v. Radosevich, 2018-NMSC-028, 419 P.3d 176, that N.M. Stat. Ann § 30-22-5(B)(4) is unconstitutional, and Defendant Rigo Trejo-Camacho[1] was convicted in

---

[1]The Court notes that, although the case caption spells the Defendant's name as "Trejo-Camacho," the Defendant's filings and his signature on the Consent to Proceed Before United States Magistrate Judge in a Felony Case, filed February 14, 2020 (Doc. 27), indicate that he spells his name "Trejo-Camacho." E.g., Defendant's Sentencing Memorandum at 1, filed April 27, 2020 (Doc. 35).

2008 of tampering with evidence under N.M. Stat. Ann. § 30-22-5(B)(4), the Court should: (i) grant a downward departure pursuant to United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") § 4A1.3; or (ii) grant a downward variance. The Court concludes that a downward departure is not merited, because a criminal history category of III does not substantially overrepresent Trejo-Camacho's criminal history. The Court will consider Trejo-Camacho's argument for a downward variance before he is sentenced at the sentencing hearing.

## ANALYSIS

In 2008, Trejo-Camacho was convicted of Tampering with Evidence (Felony) under N.M. Stat. Ann § 30-22-5(B)(4) in relation to burying a body, and he was sentenced to eighteen months in custody. See PSR ¶ 23, at 5-6 (citing Case No. D-101-CR-2006-00537, First Judicial District Court, County of Santa Fe, State of New Mexico); Sentencing Memorandum at 5. In 2018, the Supreme Court of New Mexico, in State v. Radosevich, declared N.M. Stat. Ann § 30-22-5(B)(4) unconstitutional, concluding that "'a conviction pursuant to the indeterminate offense provisions in Section 20-22-5(B)(4) of the evidence tampering statute cannot result in a punishment more severe than is prescribed in Section 30-22-5(B)(3) for the lowest level of tampering,'" Sentencing Memorandum at 5 (quoting State v. Radosevich, 2018-NMSC-028, ¶ 34 419 P.3d at 180.), which rendered the indeterminate-tampering offense a petty misdemeanor with a maximum punishment of six months of incarceration, see Sentencing Memorandum at 5-6. This decision led Trejo-Camacho to file an unopposed petition for post-conviction relief, but the "state court denied Mr. Trejo-Camacho's petition on the ground that the decision in Radosevich did not apply retroactively." Sentencing Memorandum at 6 (citing State v. Radosevich, 2018-NMSC-028). The United States Probation Office ("USPO") weighed the tampering conviction when calculating

Trejo-Camacho's criminal history score, which is 6, and his corresponding criminal history category, which is III.  See PSR ¶¶ 25-27, at 7.

Trejo-Camacho argues that the Court should grant a downward departure, pursuant to U.S.S.G. § 4A.1.3, because, had he been convicted today of tampering with evidence, the petty misdemeanor would have "'expired'" for the purpose of calculating his criminal history, which would result in a criminal history score 3 and a criminal history category II.  Sentencing Memorandum at 6 (quoting U.S.S.G. § 4A1.1, application note).  See Objections at 2.  Trejo-Camacho also argues for a downward variance for the same reason he provides to support a downward departure.  See Sentencing Memorandum at 6.  He adds that a "Guidelines sentence would result in punishment inconsistent with the policy of the Guidelines in that the sentence would be based on a drastic overrepresentation of the importance of a pre-removal conviction." Sentencing Memorandum at 6.  He argues that a "Guidelines sentence would also be inconsistent with 18 U.S.C. § 3553(a)(6), because it would result in an unwarranted disparity between Mr. Trejo-Camacho and other defendants with similar records who have been found guilty of similar conduct," noting that Trejo-Camacho's sentence could be as great as seven times higher than another defendant with an identical indeterminate tampering conviction.  Sentencing Memorandum at 7.  Further, Trejo-Camacho argues, had he been convicted today, he would not receive a 6-level upward adjustment under U.S.S.G. § 2L1.2(b)(2) for the felony tampering conviction, and he would, thus, have a final offense level of 6 instead of 12.  See Sentencing Memorandum at 6-7.

The USPO responds that, not only was the criminal history score correctly calculated, but U.S.S.G. § 4A1.11 does not apply, because the state court held that the new rule did not retroactively apply and denied his petition.  See First Addendum at 2.  The United States similarly

argues that the Court should deny Trejo-Camacho's Objection, because of the "same reasons" that the state court provided: the ruling does "not have retroactive effect, and thus [is] not of any benefit to" Trejo-Camacho.  Objections Response at 2.  The United States says, however, that "the Court may consider this change [in the statute's constitutionality] in assessing the defendant's history and characteristics when fashioning a sentence that comports with 18 U.S.C. § 3553."  Objections Response at 2.

The Guidelines provide the standard for downward departures on criminal history:

**(b)** Downward Departures.--

> **(1)** Standard for Downward Departure. -- If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

U.S.S.G. § 4A1.3 (bold in original).  "[I]n departing from the otherwise applicable criminal history category," the court must provide "the specific reasons why the applicable criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  U.S.S.G. § 4A1.3(c)(2).  A departure is warranted if the case is "unusual enough for it to fall outside the heartland of cases in the Guideline."  Koon v. United States, 518 U.S. 81, 98 (1996).  Accord United States v. Lewellen, No. CR 11-1524 JB, 2012 WL 2175769, at *5 (D.N.M. June 5, 2012)(Browning, J.); United States v. DeLeon, No. CR 15-4268 JB, 2020 WL 426105, at *40 (D.N.M. Jan. 27, 2020)(Browning, J.).  The Guidelines' Commentary also provides that "[a] downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period."  U.S.S.G. § 4A1.3 Application Note 3.  The

United States Sentencing Commission provides the § 4A1.3 policy statement, because it "recognizes that the criminal history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur." U.S.S.G. § 4A1.3 background.

The United States Court of Appeals for the Tenth Circuit has stated that U.S.S.G. § 4A1.3 allows the sentencing "court to deviate from the otherwise applicable guideline range where a defendant's criminal history, likelihood of recidivism, or both differ significantly from the typical offender for whom the applicable criminal history category was formulated." United States v. Collins, 122 F.3d 1297, 1304 (10th Cir. 1997), superseded by statute, Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. No. 108-21, 117 Stat. 650 (changing the discretionary review standard). The Tenth Circuit notes, however, that a downward departure cannot be based solely on a factor "already fully taken into account by the Guidelines." United States v. Sierra-Castillo, 405 F.3d 932, 939 (10th Cir. 2005)(citing United States v. Kelly, 1 F.3d 1127, 1140-41 (10th Cir. 1993)). The defendant bears the burden of establishing that a downward departure is warranted. See United States v. Sierra-Castillo, 405 F.3d at 938; United States v. Troup, 426 F. Supp. 3d 1072, 1140 (D.N.M. 2019)(Browning, J.).

The Court concludes that Trejo-Camacho has not demonstrated that a downward departure is warranted. Even if the Court disagreed with the state court and concluded that State v. Radosevich should somehow apply retroactively to Trejo-Camacho's case, the Court at most would conclude only that Trejo-Camacho's criminal history category may be overstated, but not that his criminal history category "*substantially* overstate[s] his criminal history or likelihood to commit crimes in the future," as U.S.S.G. § 4A1.3 requires. United States v. Jim, 877 F. Supp. 2d 1018, 1045 (D.N.M. 2012)(Browning, J.)(emphasis in United States v. Jim), aff'd and

remanded, 786 F.3d 802 (10th Cir. 2015).  The facts of the conviction are serious -- Trejo-Camacho, along with two other men, carried a body out of a residence and buried it in a hole on another person's property.  See PSR ¶ 23, at 5-6.  Further, Trejo-Camacho has two other felony convictions and has a third felony case pending in state court.  See PSR ¶¶ 21, 22 at 4, 5; PSR ¶ 31 at 8-10 (citing Case No. D-101-CR-2019-00504, First Judicial District Court, County of Santa Fe, State of New Mexico).  See United States v. Kelly, 792 F. Supp. 2d 1170, 1173 (D.N.M. 2011)(Browning, J.)(concluding that a criminal history of III did not overstate the defendant's criminal record, in part because of the seriousness of the robbery charge, which resulted in serious injury to the elderly victim, and in part because the defendant was before the Court on his third felony offense).  Moreover, Trejo-Camacho has engaged in a serious crime between the tampering conviction and the current case, namely driving while intoxicated.  See PSR ¶ 24, at 6.  See also United States v. Apodaca-Leyva, No. 07-1479, 2008 WL 2229550 (D.N.M. Feb. 13, 2008)(Browning, J.)(denying a motion for downward departure under U.S.S.G. § 4A1.3, because the defendant's criminal history, comprised of a driving-while-intoxicated and an assault charge, were serious criminal encounters, and, thus, the Court could not conclude that a criminal history category of III substantially overrepresented the defendant's criminal history).  Thus, Trejo-Camacho's criminal history of two felonies, a tampering-with-evidence conviction related to burying a body, and an intervening driving-while-intoxicated charge demonstrate that Trejo-Camacho's criminal history category of III is not substantially overstated and that he does not fall outside the heartland of those cases.

While the Court will not grant Trejo-Camacho a downward departure, the Court will consider Trejo-Camacho's arguments for a downward variance.  Specifically, Trejo-Camacho argues that a downward variance is necessary to avoid unwanted sentencing disparities between

Trejo-Camacho and others with identical criminal records.  The Court will consider oral argument at the sentencing before deciding whether a variance is appropriate.

**IT IS ORDERED** that the request for a downward departure in Defendant's Objections to the Presentence Investigation Report, filed April 28, 2020 (Doc. 36), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

John C. Anderson
   United States Attorney
James D. Tierney
Timothy Dale Trembly
   Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Hans Peter Erickson
   Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

   *Attorney for the Defendant*